## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

**JERRY CANKAT**, individually,

Case No. _____

**Plaintiff,**

**v.**

**STELLA'S RESTAURANT CORP. d/b/a GYRO UNO**, a New York for profit corporation, and **ARGMAR LLC**, a New York for profit corporation,

**Defendants.**

_____

## COMPLAINT FOR VIOLATIONS OF ADA

Plaintiff, JERRY CANKAT, by and through the undersigned counsel, and in accordance with the Federal Rules of Civil Procedure and all other applicable statutes, rules, governing legal authorities, and advisory opinions files the instant Complaint against Defendants ARGMAR LLC and STELLA'S RESTAURANT CORP. d/b/a GYRO UNO for violations of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* and the Florida Accessibility Code.

**I.**     **General Allegations Establishing Jurisdiction**

1. Plaintiff JERRY CANKAT is an individual with a disability as defined by the ADA.

2.     Plaintiff JERRY CANKAT is seeking injunctive relief pursuant to the Americans with Disabilities Act (hereinafter "ADA"), which entitles Plaintiff to all attorneys' fees, litigation expenses and costs incurred in pursuing an action to enforce and obtain compliance with provisions of the ADA in accordance with 28 U.S.C. § 12181 *et seq.*

3.     Notice prior to initiating suit is **<u>not</u>** mandated by the ADA. All other conditions precedent to filing suit are satisfied or are waived by Defendants as their violations have been ongoing since the ADA's enactment.

4.     This Court has original jurisdiction over claims arising under Title III of the Americans with Disabilities Act (*see* 42 U.S.C. § 12181 *et seq.*; 28 U.S.C. §§ 2201-2202) pursuant to 28 U.S.C. §§ 1331 and 1343.

5.     The property at issue is located in Queens County, New York at 28-01 Steinway Street, Astoria 11103 (hereinafter "Property"). Defendant ARGMAR LLC is the documented owner of the Property.

6.     The Property is being operated as a food service establishment – a "place of public accommodation (*see* 28 CFR 36.201(a))" – by Defendant STELLA'S RESTAURANT CORP. d/b/a GYRO UNO (hereinafter "GYRO UNO"), who is a tenant on Defendant ARGMAR LLC's Property.

7.    Venue properly lies in the Eastern District of New York as it is the federal judicial district which the property is located and on which the violative establishment is conducting business.

**II.    Plaintiff Cankat**

8.    Plaintiff CANKAT is now a sixty (60) year old man permanently disabled and confined to a wheelchair. He suffers from a severe case of diabetes of which he was diagnosed with more than twelve (12) years ago. As a result of his diabetes, Plaintiff CANKAT has underwent four (4) operations on his left leg leaving him unable to put any pressure on it, and his right leg was amputated in 2010 causing him to be unable to walk on his own.

9.    Plaintiff CANKAT resides in Flushing, Queens.  He is presently divorced although his former wife and brother both reside in the area. Plaintiff CANKAT also has two adult children, a son and a daughter, both in their late thirties.

10.   All of Plaintiff CANKAT's family are able-bodied individuals who provide him with assistance.

11.   Plaintiff CANKAT is an avid sports fan who enjoys going out to restaurants and bars with his friends to socialize and to watch football, basketball and baseball games.

12.     He commutes principally using the MTA/New York City Transit Bus System although he also rides with family members, and he travels to many places locally using only his wheelchair.

13.     When Plaintiff CANKAT was visiting GYRO UNO he encountered architectural barriers at the Property precluding his from reasonably accessing the goods and services provided to non-disabled individuals. These barriers to access at the Property have deterred Plaintiff from availing himself of, and are denying his the opportunity to participate and benefit from the goods, services, privileges, advantages, facilities and accommodations at GYRO UNO equal to those afforded to other individuals.

**III.    ADA Prohibits Barriers Impeding Access By Disabled Individuals**

14.     The ADA prohibits discrimination on the basis of disability. The Act guarantees reasonable accommodations for individuals with disabilities to ensure they are not the subject of discrimination.

15.     The ADA and the ADA/ABA Accessibility Guidelines for Buildings and Facilities (36 CFR Part 1191, Appendices B and C) along with 28 CFR Part 36, Subpart D, the New Construction and Alterations portion of Title III (all hereinafter referred to as the "Accessibility Standards") dictate that property

owners as well as operators of "commercial establishments" are jointly responsible complying with these federal Accessibility Standards.

16. Defendants have and are continuing to violate the Accessibility Standards – discriminating against Plaintiff and other similarly situated disabled individuals – by failing to provide accessible facilities.

17. As a result of Defendants ongoing non-compliance, Plaintiff CANKAT is being deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public. Consequently, Plaintiff is effectively deterred and discouraged from further travel due to these ADA problems.

## IV.  **GYRO UNO**

18. The present violations at Defendants' facility threaten Plaintiff's safety as they create hazards impeding access.

19. The violations also infringe upon Plaintiff's right to travel free of discrimination causing Plaintiff harm in the form of suffering frustration, shame and humiliation.

20. A preliminary inspection of GYRO UNO reveals the following exterior and interior barriers to access by Plaintiff as an individual who is confined to a wheelchair:

a.    inaccessible dining tables as required minimum maneuvering clearance allowing a forward approach not provided at dining tables;

b.    required minimum knee and toe clearance not provided at dining tables;

c.    percentage of existing dining tables required to be accessible not provided;

d.    compliant signage identifying the restroom not provided as required;

e.    inaccessible restroom as required minimum maneuvering clearance not provided at restroom door;

f.    required minimum clear width not provided at restroom door opening;

g.    restroom door swings into the required floor space of lavatory and water closet;

h.    non-compliant door knob at restroom door requires twisting of the wrist;

i.    required minimum turning space not provided in restroom;

j.    inaccessible lavatory as required minimum maneuvering clearance allowing a forward approach not provided at lavatory;

k.    required minimum clear floor space not provided at lavatory;

l.    non-compliant faucet knobs at lavatory require twisting of the wrist;

m.    insulation of pipes under lavatory not provided as required;

n.    inaccessible paper towel dispenser and mirror as mounted heights exceed maximum height allowance;

o.    inaccessible water closet as required minimum maneuvering clearance allowing a forward approach not provided at water closet;

p.    required minimum clear floor space not provided at water closet;

q.    non-compliant distance of water closet from side wall;

r.      non-compliant position of flush control located at closed side of water closet;

s.      required grab bars not provided at rear and side walls of water closet;

t.      failure to maintain accessible features and failing to advise to policies, practices and procedures to ensure that the goods and services being offered, as well as the facilities themselves, are accessible to people with disabilities.

21.   The above-listed discriminatory violations are not an exhaustive list of all ADA violations on the property. Plaintiff requires an inspection of Defendants' place of public accommodation in order to identify, photograph and measure all of the barriers to access that constitute discriminatory acts in violation of the ADA.

22.   Plaintiff plans on returning to GYRO UNO to avail himself of the good and services offered to the public thereon, and to determine whether the property has been made ADA compliant.

23.   As the violations at Defendants' facility are ongoing, it would be a futile gesture for Plaintiff to return to the property so long as the above listed violations exist. Plaintiff returning to the property prior to all above violations being remedied will only further subject Plaintiff to discrimination and threaten Plaintiff's physical safety and well-being.

## COUNT I: DECLARATORY JUDGMENT

24. When Plaintiff CANKAT visited GYRO UNO he could not reasonably access the goods and services otherwise available to able bodied individuals due to architectural barriers and other ADA violations (*see* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*) set forth herein in paragraph 20.

25. The Accessibility Standards, in particular Title III of the ADA, require all places of public accommodation to provide any person with a disability equal access to the goods and services being offered to non-disabled individuals.

26. Defendants denied Plaintiff reasonable access to the good and/or services being offered on their premises in violation of Title III of the ADA thus causing Plaintiff to retain the undersigned law firm to enforce his rights.

27. As a result of Defendants continuously violating of Title III of the ADA Plaintiff CANKAT has and is suffering actual harm in the form of personal injury, humiliation including a sense of isolation and segregation, all of which are depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

28. A declaration that Defendant(s) were in violation of the ADA at the time Plaintiff suffered real and actual harm is necessary to ensure Plaintiff is

compensated for the attorneys' fees expended to obtain Defendants(s) compliance with the law.

29.   The undersigned has been retained by Plaintiff to pursue Plaintiff's rights as an individual suffering with a "disability" as defined by the ADA. Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

**WHEREFORE**, Plaintiff respectfully requests an order declaring Defendants (A) in violation of Title III of the ADA, 42 USC § 12181 *et seq.* at the time of Plaintiff's visit*;* and ((B) as a result of architectural barriers Defendants have effectively denied Plaintiff, as an individual with a disability, reasonable access to the goods and/or services offered on the Property thereby discriminating against Plaintiff.

## COUNT II: INJUNCTIVE RELIEF AGAINST GYRO UNO

30.   Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

31.   GYRO UNO is being operated as a place of public accommodation in violation of ADA.

32.   Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied the benefits of services, programs and

activities at the Defendant's establishment as a result of the ADA violations set forth herein in paragraph 20 in violation of 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*.

33.  Defendant continues to discriminate against Plaintiff and those similarly situated by operating GYRO UNO and yet failing to make reasonable modifications in policies, practices and/or procedures to comply with the Accessibility Standards.

34.  Modifications in Defendant GYRO UNO's practices, policies and procedures are necessary to afford all offered goods, services, facilities, privileges, advantages and/or accommodations to individuals with disabilities.

35.  Said modification  are also necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

36.  Plaintiff is suffering true and actual harm by Defendant GYRO UNO operating a place of public accommodation. Defendant's discriminatory practices create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

37.   Plaintiff, and all others similarly situated, have and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

38.   Plaintiff is without any adequate remedy and law.

39.   The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

40.   Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

     a.   Injunctive relief against Defendant;

     b.   award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

c.  any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

## COUNT III: INJUNCTIVE RELIEF AGAINST ARGMAR LLC

41. Plaintiff reasserts and incorporates the allegations set forth in paragraphs 1 through 23 above as if set forth specifically herein.

42. Defendant ARGMAR LLC is the documented owner of the Property on which Defendant GYRO UNO is operating a place of public accommodation violating the Accessibility Standards by permitting discriminatory treatment of persons confined to wheelchairs.

43. Individuals confined to wheelchairs, including Plaintiff CANKAT have been denied access to and the benefits of services, programs and activities at the Defendant's Property as a result of the ADA violations set forth herein in paragraph 20. *See* 42 USC § 12181 *et seq.* and 28 CFR 36.302 *et seq.*

44. Defendant is continuing to discriminate against Plaintiff by failing to make reasonable modifications in the physical structure so as to permit compliance with Title III of the ADA.

45. The structural impediments set forth in paragraph 20 must be remedied to eliminate the architectural barriers set forth herein, which remedies are necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals.

46.  By permitting a place of public accommodation to operate in violation of the ADA is causing Plaintiff to suffer true and actual harm. The architectural barriers create the potential for and/or cause Plaintiff physical harm and the contribute to Plaintiff's sense of isolation and segregation thereby depriving Plaintiff of the full, fair and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.

47.  Plaintiff has and will continue to suffer irreparable injury and damage without the immediate relief provided by the ADA and requested herein.

48.  Plaintiff is without any adequate remedy and law.

49.  The undersigned has been retained by Plaintiff and Plaintiff is entitled to recover fair and reasonable attorneys' fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505 for having to employ the services of an attorney to gain Defendant's compliance with the Accessibility Standards.

50.  Pursuant to 42 USC § 12188, this Court is empowered to order an injunction to remedy for Defendant's ADA violations, including but not limited to issuing an order requiring Defendant to alter the subject property so as to make the facilities readily accessible and usable by Plaintiff and other persons with disabilities as defined by the ADA or by closing the facility until such time as Defendants cure all ADA violations.

**WHEREFORE**, Plaintiff prays for and respectfully requests the Court order the following relief:

d.      Injunctive relief against Defendant;

e.      award reasonable attorneys' fees, costs and litigation expenses in accordance with 42 USC § 12205;

f.      any other relief this Court deems just and proper and/or is otherwise allowable under Title II of the ADA.

Respectfully submitted on April 6, 2016.

                    **By: /s/ Tara Demetriades**
                    Tara Demetriades, Esq.
                    New York Bar No. 4185666

                    **ADA Accessibility Associates**
                    2076 Wolver Hollow Road
                    Oyster Bay, New York 11771
                    E: TDemetriades@Aol.com
                    T: (516) 595-5009