UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

JERRY CANKAT,

                        Plaintiff,

         -against-

STELLA'S RESTAURANT CORP., d.b.a. GYRO UNO,
and ARGMAR LLC,

                      Defendants.
------------------------------------------------------------------X

**ORDER**

16-CV-1686 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Jerry Cankat initiated this action on April 6, 2016, against Defendants Stella's Restaurant Corp., doing business as Gyro Uno, and Argmar LLC. (Compl. (Dkt. 1).) Plaintiff is disabled, and he alleges that Defendants have deprived him of equal access to goods and services in places of public accommodation, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12181 et seq., and state law. (Id.)

On September 21, 2016, Magistrate Judge Cheryl L. Pollak issued a sua sponte Report & Recommendation ("R&R") noting that "[t]he case has been pending for several months," and that "aside from filing and serving the Complaint and moving for entry of default," Plaintiff has done "nothing more . . . to advance the case through discovery or to move for a default judgment based on defendant's failure to answer." (R&R (Dkt. 14) at 3.) Judge Pollak therefore recommended "that plaintiff's case be dismissed for failure to prosecute, unless plaintiff files a motion for default judgment within 14 days." (Id. at 4.) Objections were due within 14 days of service of the R&R. (Id.)

Plaintiff failed to move for default judgment or file objections within the 14-day period. On October 6, 2016, one day after the 14-day window had expired, Plaintiff requested an

1

extension of time to move for default judgment. (Mot. for Ext. of Time (Dkt. 16).) In light of the concerns raised in Judge Pollak's R&R, the court deferred ruling on Plaintiff's Motion, and instead extended Plaintiff's deadline to object to the R&R until October 13, 2016. (Oct. 7, 2016, Order.) Plaintiff once again failed to object to the R&R, and has not sought any additional extensions of time.

Because no party has objected to the R&R within the time permitted, the court reviews the R&R for clear error. See Colon v. Sheahan, No. 13-CV-6744, 2016 WL 3926443, at *3 (S.D.N.Y. July 14, 2016); Gesualdi v. Mack Excavation & Trailer Serv., Inc., No. 09-CV-2502 (KAM) (JO), 2010 WL 985294, at *1 (E.D.N.Y. Mar. 15, 2010); see also Porter v. Potter, 219 F. App'x 112 (2d Cir. 2007) (summary order); cf. 28 U.S.C. § 636(b)(1). The court finds no clear error. Indeed, the case for dismissal is further enhanced by Plaintiff's failure to respond within the extended timeframe. The court therefore ADOPTS IN FULL Judge Pollak's R&R. Accordingly, the case is DISMISSED WITH PREJUDICE. The Clerk of Court is respectfully DIRECTED to close the case.

SO ORDERED.

Dated: Brooklyn, New York
November 7, 2016

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge